UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

------------------------------------------------

**MARTIN J. WALSH**, Secretary of Labor, :
United States Department of Labor, :
: 
                      Plaintiff, :
: CIVIL ACTION
: FILE NO. **3:22-CV-77**
    v. :
:
**TRUCKS AND PARTS OF OHIO, INC., SCOTT** :
**HUGHES, WILLIAM DALE CARR,** and :
**TRUCKS AND PARTS OF OHIO, INC. P/S** :
**401(k) PLAN,** :
:
                      Defendants. :

------------------------------------------------

## DEFAULT JUDGMENT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), Plaintiff in the above-styled action, having filed his Complaint and Defendants Trucks and Parts of Ohio, Inc. ("Trucks and Parts"), Scott Hughes, William Dale Carr, and Trucks and Parts of Ohio, Inc. P/S 401(k) Plan ("Plan") (collectively, "Defendants") (collectively, "Defendants") having been duly served, and Defendants having failed to plead or otherwise defend within the time prescribed by law, and default of the Defendants having been duly entered by this Court on October 24, 2022, and the amount owed by Defendants having been verified by the attested declaration of the Secretary's investigator; now, therefore, upon motion of the Secretary and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants Trucks and Parts, Scott Hughes, William Dale Carr, and the Plan in accordance with the prayer of the Complaint in the above-styled action; and it is:

**ORDERED, ADJUDGED, AND DECREED** that:

1. Defendants Trucks and Parts, Scott Hughes, and William Dale Carr are permanently enjoined from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq.*;

2. Defendants Trucks and Parts, Scott Hughes, and William Dale Carr shall correct the prohibited transactions in which they engaged;

3. Defendants Trucks and Parts, Scott Hughes, and William Dale Carr are jointly and severally liable to the Plan in the total amount of $158,140.74 for their fiduciary breaches:

   a. This amount consists of $102,221.93 in unremitted employee salary deferral contributions and loan repayments during the period from July 15, 2015 through March 29, 2019; and

   b. This amount also consists of $55,918.81 in lost opportunity costs for failing to remit $102,221.93 in salary deferral contributions and loan repayments and failing to timely remit $139,647.46 in salary deferral contributions and loan repayment during the period from July 15, 2015 through March 29, 2019, calculated pursuant to the higher of the rates found in 26 U.S.C. § 6621 and the actual rate of return on the Plan's investments;

4. Within 30 days of entry of this judgment, Defendants Trucks and Parts, Scott Hughes, and William Dale Carr shall restore $102,221.93 to the Plan's former impacted participants in unremitted employee salary deferral contributions and loan repayments;

5. Within 30 days of entry of this judgment, Defendants Trucks and Parts, Scott Hughes, and William Dale Carr shall restore $55,518.81 in associated lost opportunity costs incurred by the Plan's former impacted participants as a result of fiduciary breaches calculated through January 26, 2023;

6. Defendants Trucks and Parts, Scott Hughes, and William Dale Carr shall restore these monies, referred to in paragraph 3 (a) and (b) above, to all of the Plan's former participants, except Defendants Scott Hughes and William Dale Carr, who: (1) were employees of Trucks and Parts, (2) were Plan participants during the period July 15, 2015 through March 29, 2019, and (3) had voluntary employee contributions withheld from their pay for contribution to the Plan during this period and such contributions and loan repayments were not remitted or were remitted to the plan in an untimely manner. Defendants Scott Hughes and William Dale Carr, shall restore the $102,221.93 in unremitted employee salary deferral contributions and loan repayments to the Plan's former participants[1] in an amount equal to the unremitted contributions and participant loan repayments owed to each participant. The Defendants shall allocate the $55,918.81 in lost opportunity costs to each participant based on the participant's percentage share of the total unremitted contributions or untimely remitted contributions and loan repayments owed to Plan's former impacted participants. In restoring the monies identified in paragraph 3 above, Defendants Trucks and Parts, Scott Hughes, and William Dale Carr shall send written proof of

---

[1] Participant includes a participant's beneficiary when the participant is deceased.

3

the restorations to EBSA Regional Director, Joe Rivers, 1885 Dixie Highway, Suite 210, Ft. Wright, KY 41011 within 3 days of payments being made;

7. Defendants Trucks and Parts, Scott Hughes, and William Dale Carr shall take appropriate actions to locate and to notify each former participant of the Plan of his/her entitlement to a restoration of losses. Appropriate actions relating to notifying former Plan participants, include complying with the guidance in EBSA Field Assistance Bulletin 2014-01 and 2021-01. See https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01; https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2021-01;

8. Defendants Trucks and Parts, Scott Hughes, and William Dale Carr shall be permanently enjoined from serving or acting as fiduciaries or service providers with respect to employee benefit plans subject to ERISA, except to the extent necessary for Defendants Trucks and Parts, Scott Hughes, and William Dale Carr to restore losses owed to the Plan's former participants pursuant to this Default Judgment;

9. Awarding the Secretary costs of this action; and

10. Such further relief as is appropriate and just.

**IT IS SO ORDERED.**

February 2, 2023     s/Michael J. Newman
                     Hon. Michael J. Newman
                     United States District Judge